WALLACE, JUDGE:
On July 3,1979, at about 9:00 p.m., the claimant was operating his 1970 Plymouth automobile in a southerly direction on and across the East City Bridge in Parkersburg, West Virginia. The weather conditions were clear, and the surface of the bridge was dry. When the claimant had proceeded about two-thirds of the way across the bridge, his car struck a metal bar which extended from the side of the bridge and into the southbound lane. Claimant described this metal bar as being “about three inches thick and maybe six or seven inches long, sticking out into the road.” When claimant’s car struck this obstruction, his car was pulled into the side of the bridge, and, as a result, was damaged to an extent that the costs of repairs exceeded the fair market value of the car. Claimant testified that the car had a fair market value of $300.00 before the accident and after the accident it had no salvage value.
The testimony further established that the claimant was travelling at about 30 miles per hour and was following another vehicle. Claimant was of the opinion that the obstruction extended at least five inches into the southbound lane of this two-lane bridge. Claimant also, quite candidly, admitted that he travelled *192 across this bridge on a daily basis and had observed this obstruction prior to the evening of the accident.
Ray Casto, a claims investigator for respondent, testified that he had investigated this accident on July 6, 1979. He testified that the bridge roadway at the point of the accident was 20 feet in width with a 7 1/2-inch curb section on the west side. Mr. Casto stated that the obstruction, which he believed to be part of an expansion joint, had been observed by him prior to the accident but that he did not believe the same extended into the southbound lane of travel. It is difficult for the Court to accept this testimony, for, if it be true, the claimant would have had to strike the curb on the west side of the bridge in order to strike this protruding expansion joint.
We are of the opinion that both parties’ negligence contributed to this accident, and we would allocate 40% of the negligence to the claimant and 60% of the negligence to the respondent. Applying our newly adopted rule of comparative negligence to the claimed damages of $300.00, we thus make an award in favor of the claimant in the amount of $180.00.
Award of $180.00.